**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REV. DR. JUAN-JOSÉ: BROOKINS In Propria Persona,
Sui Juris,

                                                          1:25-cv-1178 (BKS/DJS)

                      Plaintiff,

v.

STERLING NATIONAL BANK f/k/a Provident Bank, and
MARGOLIN WEINREB & NIERER, LLP

                      Defendants.

**Appearances:**

*Plaintiff Pro se:*
Rev. Dr. Juan-José: Brookins
Kerhonkson, New York 12446

*For Defendants:*
Seth D. Weinberg
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, who is proceeding pro se, filed this action alleging that Defendants Sterling National Bank ("Sterling") and Margolin Weinreb & Nierer LLP ("Margolin"), a law firm, violated several federal statutes in foreclosing on a property in Kerhonkson, New York (the "Property"). (Dkt. No. 1; Dkt. No. 1-2, at 1). Plaintiff alleges Defendants engaged in the "fraudulent double recovery of debt that was tendered for accord [and] settlement," in violation of "HJR 192," "Public Law 73-10," 12 U.S.C. § 411, 31 U.S.C. §§ 3113, 3123, and 5118(d).

(Dkt. No. 1, at 3–4). Presently before the Court are Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction under Federal Rule of Civil Procedure 65, seeking to enjoin Defendants "from conducting or proceeding with foreclosure sale of the" Property, (Dkt. No. 2); and Defendants' motion to dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim, (Dkt. No. 11). Plaintiff opposes Defendants' motion to dismiss. (Dkt. No. 14). For the reasons that follow, Defendants' motion to dismiss is denied in part and granted in part and Plaintiff's motion for a TRO and preliminary injunction is denied.

## II.    FACTS[1]

The Property in Kerhonkson, New York is held by the Coalition of Indigenous People-High Council, with "title vested in" in Plaintiff, who is the trustee. (Dkt. No. 1-2, at 1). The Juan-José Brookins Estate is the "beneficiary." (*Id.*). A foreclosure sale of the Property was scheduled for September 4, 2025, "at the demand of Sterling National Bank FKA Provident Bank, through Catherine Charuk, Referee from [Margolin] appointed by the New York State Supreme Court-Ulster County." (*Id.*). Plaintiff requests "the tender of settlement through birth certificate pledge, private bill of exchange, and silver bond be acknowledged as full satisfaction of the alleged mortgage obligation." (*Id.*).

Defendants have filed the Ulster County Supreme Court orders and judgment of foreclosure of sale pertaining to the Property. (Dkt. Nos. 11-3, 11-5, 11-6). Plaintiff is not a

---

[1] The facts are drawn from the Complaint, the exhibits attached to the Complaint, and the state court orders Defendants filed, of which the Court has taken judicial notice. *See Simeone v. T. Marzetti Co.*, No. 21-cv-9111, 2023 WL 2665444, at *1, 2023 U.S. Dist. LEXIS 53148, at *3 (S.D.N.Y. Mar. 28, 2023) ("Courts may take judicial notice of public documents or documents of public record" (quoting *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018))). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

2

named party in these proceedings: Sterling National Bank is the named plaintiff and "Lucille S. Willard aka Lucille S. Hoffman, Stanley Hoffman, Mr. Lewis (first name refused)" are named as defendants.[2] (Dkt. No. 11-3, at 2). Sterling filed the action to foreclose the mortgage encumbering the Property on July 24, 2017. (Dkt. No. 11-3, at 2). A Judgment of Foreclosure and Sale was entered on June 29, 2023. (*Id.* at 11). The sale of the Property was noticed to occur on September 4, 2025. (Dkt. No. 11-6).

### III.     DISCUSSION

#### A.     Motion to Dismiss – Rules 12(b)(2) and 12(b)(5)

Defendant Sterling moves to dismiss under Rule 12(b)(2), which permits assertion of the lack of personal jurisdiction defense as a pre-answer motion. (Dkt. No. 11-7, at 8–10). However, Sterling, which, according to the Complaint, is a bank located in New York, (Dkt. No. 1, at 2), does not argue that this Court lacks a statutory basis for exercising personal jurisdiction over it under New York law. *See Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (explaining that "to exercise personal jurisdiction over a defendant, a district court must possess a statutory basis for doing so" as "determined by the law of the state in which the court is located") (internal quotation marks omitted). Instead, it argues that Plaintiff's "attempted *service* upon Sterling" by delivering the summons to Margolin, its attorneys in the foreclosure action but not "Sterling's designated or authorized agent," "was improper under New York law." (Dkt. No. 11-7, at 10). Thus, Sterling's motion is, in fact, one to dismiss for insufficient service of process under Rule 12(b)(5)—not lack of personal jurisdiction under Rule 12(b)(2). *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990) ("[T]he defenses of

---

[2] One of the state court orders reflects that Willard, a defendant in the foreclosure action was simultaneously litigating a separate action to quiet title, where she asserted that "her title to the subject property was stolen in a fraudulent transaction" and that a deed to the Property had been executed to the "Coalition of Indigenous Peoples – High Council" on October 24, 2024. (Dkt. No. 11-5, at 2).

lack of personal jurisdiction and insufficiency of service of process . . . while often related, are not identical."); *see also Soos v. Niagara Cnty.*, 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.") (internal quotation marks omitted).

### 1.     Standard of Review

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Absent consent, this means there must be authorization for service of summons on the defendant." *Id.* A court "must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

"When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)). A plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05-cv-1142, 2006 WL 416375, at *2, 2006 U.S. Dist. LEXIS 7386, at *6 (S.D.N.Y. Feb. 21, 2006) (citations omitted).

A dismissal under Rule 12(b)(5) "is not on the merits and has no res judicata effect." 5B C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1353 (3d ed.).

### 2.     Analysis

Rule 4(h) provides that service on a corporation, partnership, or association must be made "(A) in the manner prescribed by Rule 4(e)(1) . . . or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed R. Civ. P. 4(h). Rule 4(e)(1) provides for service: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

On September 8, 2025, Plaintiff filed an affidavit of service indicating that on August 28, 2025, the summons for Defendant Sterling was served on a paralegal at Margolin. (Dkt. No. 10). In a declaration, Seth Weinberg, an attorney associated with Margolin, states that Margolin "is not an agent of service for Sterling, nor does it have authority to accept service on Sterling's behalf," (Dkt. No. 11-1, ¶ 11). Because "service of process on an attorney not authorized to accept service for his client is ineffective," *Santos*, 902 F.2d at 1094, the Court finds Plaintiff has failed to properly serve Defendant Sterling. However, as the time for service has not expired, *see* Fed. R. Civ. P. 4(m) (allowing dismissal "[i]f a defendant is not served within 90 days after the complaint is filed"), Plaintiff still has time to effect proper service on Sterling. Accordingly, Defendant Sterling's motion to dismiss is denied without prejudice to renewal.

    **B.**    **Motion to Dismiss – Rules 12(b)(1) and 12(b)(6)**

        **1.**    **Standard of Review**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). A motion to dismiss based on an abstention doctrine is considered a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *City of New York v. Milhelm Attea & Bros.*, Inc., 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008), as is a

motion to dismiss under the *Rooker-Feldman* doctrine, *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face,'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

      **2.**      **Analysis**

      **a.**      ***Rooker-Feldman***

Defendants argue that because Plaintiff's claims stem from injuries caused by the 2023 Judgment of Foreclosure and Sale entered in Ulster County Supreme Court, the Complaint is barred by the *Rooker-Feldman* doctrine. (Dkt. No. 11-7, at 10–12). Plaintiff opposes dismissal. (Dkt. No. 14).

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (explaining that the *Rooker-Feldman* doctrine bars federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). There are four "requirements" that must be satisfied before *Rooker-Feldman* applies: (1) the "federal-court plaintiff must have lost in state court," (2) the plaintiff "must complain of injuries caused by a state-court judgment," (3) the plaintiff "must invite district court review and rejection of that judgment," and (4) the state-court judgment "must have been rendered before the district court proceedings commenced." *Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)) (internal quotation marks and brackets omitted). The underlying principle of the *Rooker-Feldman* doctrine is that "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85.

Here, although Plaintiff was not a named party in the earlier foreclosure proceeding, to the extent he asserts he lost an ownership interest in the Property through the "state in rem

7

foreclosure proceeding against the property," he "has lost in state court" and is subject to the *Rooker-Feldman* doctrine. *Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) (finding "[t]he mere fact that Plaintiffs were not named parties to the state action against the property does not abrogate the operation of *Rooker-Feldman*," explaining that "[s]omeone who loses an ownership interest in property through a state in rem foreclosure proceeding against the property has lost in state court"). Moreover, the state court judgment was entered on June 29, 2023, (Dkt. No. 11-3, at 2), well before the filing of the Complaint in this case, (Dkt. No. 1 (filed Aug. 27, 2025)). Thus, the first and fourth requirements have been met. *See Vossbrinck*, 773 F.3d at 426 (finding "factors numbered (1) and (4) . . . clearly satisfied" where the plaintiff "lost in the state foreclosure action, and the foreclosure judgment was entered before [the plaintiff] filed his first federal complaint"). Accordingly, the Court must consider the second and third factors as to Plaintiffs' claims.

Construed liberally, the Complaint alleges that "the alleged debt obligation has been tendered in full satisfaction" of the mortgage and that Defendants have engaged in "fraudulent double recovery of debt" on the Property. (Dkt. No. 1, at 4; Dkt. No. 1-1, at 1). Plaintiff seeks an "elimination of encumbrance that was satisfied by tender of payment and is entitled to discharge." (Dkt. No. 1, at 4). Plaintiff also seeks an injunction restraining the foreclosure sale "or any transfer of the premises thereafter." (Dkt. No. 1-1, at 2). Therefore, to the extent Plaintiff challenges the 2023 Judgment of Foreclosure and Sale, he alleges injuries caused by a state court judgment and invites this Court to review and reject the state court judgment. These claims are therefore barred by *Rooker-Feldman*. *See Vossbrinck*, 773 F.3d at 427 ("To the extent [Plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [Plaintiff]'s claim.").

### b. Federal Statutory Claims

Although Plaintiff "may not seek to have a state court judgment voided," the Second Circuit "has concluded that *Rooker-Feldman* does not bar plaintiffs from seeking compensatory damages for misconduct 'that defendants pursued in obtaining' state court judgments." *Dorce*, 2 F. 4th at 104 (quoting *Sykes v. Mel S. Harris & Assocs., LLC*, 780 F.3d 70, 95 (2d Cir. 2015)). But even assuming Plaintiff adequately alleges misconduct in violation of federal statute that falls outside *Rooker-Feldman's* bar, the Court finds Plaintiff fails to state a plausible claim for relief.[3]

Plaintiff premises his federal claims on Defendants' alleged violations of "HJR 192," "Public Law 73-10," 12 U.S.C. § 411, 31 U.S.C. §§ 3113, 3123, and 5118(d), asserting that he is entitled to "elimination of encumbrance that was satisfied by tender of payment and is entitled for discharge according to Public Law 73-10 and public policy promulgated by the 73rd Congress in HJR on June 5, 1933." (Dkt. No. 1, at 4). "HJR 192" "was adopted by Congress to prohibit contracts that demand payment in gold; the resolution suspended the gold standard in the United States." *Broughton v. Truist Bank*, No. 23-cv-6042, 2024 WL 3227948, at *3, 2024 U.S. Dist. LEXIS 120546, at *6 (S.D.N.Y. June 27, 2024) (citing H.J.R. 192, 73d Cong. (1933)). Courts have construed plaintiffs' citations to "HJR 192" as "a reference to 'vapor money,' 'unlawful money' or 'redemption' theories which are based on the premise that 'because the United States went off the gold standard in 1933 with the passage of HJR-192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'" *Id.* (quoting *Green v. Pryce*, No. 15-cv-3527, 2015 WL 4069176

---

[3] Although Defendants have not briefed the merits of the Complaint, the Court, exercises its inherent authority to *sua sponte* dismiss a frivolous complaint. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding "that district courts may dismiss a frivolous complaint *sua sponte* even when the [pro se] plaintiff has paid the required filing fee").

at *2, 2015 U.S. Dist. LEXIS 86603, at *5 (E.D.N.Y. July 1, 2015)). Plaintiff, however, alleges no facts suggesting that HJR 192 applies to Defendants' alleged misconduct or provides any basis for relief. *See id.*; *Green*, 2015 WL 4069176, at *2, 2015 U.S. Dist. LEXIS 86603, at *5 (noting that claims based on HJR 192 "theories have been consistently rejected by federal courts") (citing cases).

To the extent Plaintiff seeks to bring a claim under the Federal Reserve Act, 12 U.S.C. § 411, which governs the issuance of "[f]ederal reserve notes," Plaintiff fails to state a plausible claim for relief. *See Arnold v. Santander Consumer USA*, No. 24-cv-1125, 2025 WL 1358546, at *2, 2025 U.S. Dist. LEXIS 89195, at *4–5 (D. Conn. May 9, 2025) (explaining that "[n]o law in the Second Circuit—or in the country—suggests that a private individual may bring a claim under 12 U.S.C. § 411" and further explaining that it does not "create a private right of action" (citing *Yancey v. Fulton Financial Corp.*, No. 23-cv-1791, 2024 WL 1344534, at *1, 2024 U.S. Dist. LEXIS 59987, at *2–3 (E.D. Va. Mar. 8, 2024))).

Plaintiff's reliance on 31 U.S.C. § 3113, which governs the Secretary of the Treasury's acceptance of gifts to reduce public debt, appears wholly unrelated to any allegation in this case, which involves private parties. *See Vega v. Gateway Bank F.S.B.*, No. 24-cv-08000, 2025 WL 473800, at *4, 2025 U.S. Dist. LEXIS 25490, at *11 (E.D.N.Y. Feb. 12, 2025) (finding 31 U.S.C. § 3113 provided no basis for relief, noting that "[n]owhere in Plaintiff's Complaint or motion papers does he indicate that his action relates to federal reserve notes or gifts to reduce public debt").

Plaintiff's citation to 31 U.S.C. § 3223, which requires the federal government "to pay in legal tender, principal and interest on the obligations of the Government," is also unavailing. Plaintiff does not allege "he holds an obligation issued by the federal government." *Polinski v.*

10

*United States*, No. 25-760, 2025 WL 2315463, at *3, 2025 U.S. Claims LEXIS 2158, at *7 (Fed. Cl. Aug. 12, 2025) (dismissing complaint finding the no plausible allegation that the plaintiff held "an obligation issued by the federal government").

Finally, Plaintiff's invocation of 31 U.S.C. § 5118, as a basis for relief is without merit. Section 5118 concerns "gold clauses" and prohibits the federal government from "pay[ing] out any gold coin." 31 U.S.C. § 5118(a)–(b). *See Martin Piotr Nowak® v. JPMorgan Chase Bank, N.A.*, No. 23-cv-5783, 2023 WL 5952055, at *4, 2023 U.S. Dist. LEXIS 164759, at *8 (E.D.N.Y. Aug. 9, 2023) (rejecting the plaintiff's reliance on 31 U.S.C. § 5118 in action challenging foreclosure noting there were "no allegations that any mortgage contract included a "gold clause" provision").

### C. Remaining State Law Claims

Having dismissed all federal claims, and there being no basis for diversity jurisdiction, the Court declines in its discretion to retain supplemental jurisdiction over Plaintiff's state law fraud claims that may not be barred by the *Rooker-Feldman* doctrine. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, to the extent the Complaint alleges state law fraud claims, they are dismissed.

### D. Plaintiff's Request for a TRO and Preliminary Injunction

Having determined that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Judgment of Foreclosure, the Court likewise lacks jurisdiction to enjoin Defendant from "conducting or proceeding with foreclosure sale of the property" at issue in this case. (Dkt. No. 2, at 1). *See Jones v. Grisanti*, No. 22-cv-145, 2022 WL 705297, at *2,

2022 U.S. Dist. LEXIS 32863, at *3–4 (W.D.N.Y. Feb. 24, 2022) (denying the plaintiff's motion for a TRO and preliminary injunction to enjoin "further foreclosure action" and the sale of the property as barred by Rooker-Feldman because the motion for injunctive relief "'amount[ed] to an objection to the disposition of the foreclosure action' in state court" (quoting *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005))); *see also Corbett v. City of New York*, No. 13-cv-0602, 2013 WL 12334603, at *6, 2013 U.S. Dist. LEXIS 204543, at *15 (S.D.N.Y. Sept. 17, 2013) ("Where a court lacks subject matter jurisdiction over a plaintiff's claims, it may not consider plaintiff's related application for injunctive relief." (citing *Borden, Inc. v. Meiji Milk Prods. Co., Ltd.*, 919 F.2d 822, 825–26 (2d Cir. 1990))); *see also Hamblet v. Brownlee*, 319 F. Supp. 2d 422, 430 (S.D.N.Y. 2004) ("Having found that this Court lacks subject matter jurisdiction and that the Defendants' Motion should be granted, this Court need not address the Plaintiff's Motion for a preliminary injunction."). Accordingly, Plaintiff's motion for a TRO and preliminary injunction is denied.

### E.   Leave to Amend

Plaintiff's complaint fails to state one or more claims upon which relief may be granted by this Court.  However, in light of his pro se status, Plaintiff will be afforded the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Any amended complaint filed by Plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the Complaint in its entirety.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 11) is **DENIED** insofar as it seeks dismissal for insufficient service of process but is otherwise **GRANTED**; and it is further

**ORDERED** that all claims seeking review, rejection, or relief from the 2023 Judgment of Foreclosure and Sale are **DISMISSED without prejudice and without leave to replead**; and it is further

**ORDERED** that the remainder of the Complaint **is DISMISSED without prejudice and with leave to replead** for failure to state a plausible claim for relief; and it is further

**ORDERED** that Plaintiff's motion for a TRO and preliminary injunction (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 29, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge