**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REVEREND DR. JUAN-JOSE´: BROOKINS,

Plaintiff, 1:25-cv-1178 (BKS/DJS)

v.

STERLING NATIONAL BANK f/k/a Provident Bank, VICTORIA WOLFF, and MARGOLIN WEINREB & NIERER, LLP

Defendants.

---

**Appearances:**

*Plaintiff Pro se:*
Rev. Dr. Juan-José: Brookins
Kerhonkson, New York 12446

*For Defendants:*
Seth D. Weinberg
Margolin, Weinreb & Nierer, LLP
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff pro se, Reverend Dr. Juan-Jose´: Brookins, "Trustee" for "a private Ecclesiastic Indigenous foreign Express Trust," alleges Defendants Sterling National Bank f/k/ Provident Bank ("Sterling"), Victoria Wolff, and Margolin Weinreb & Nierer LLP ("Margolin"), wrongfully foreclosed on his property located at 333-335 City Hall Road, Kerhonkson, New York. (Dkt. No. 20, ¶ 1). In the Amended Complaint, Plaintiff asserts causes of action for "Fraud Upon the Court," "Wrongful Foreclosure," "Void Judgment," violation of his Fifth and

Fourteenth Amendment due process rights, 42 U.S.C. § 1983, and Declaratory Relief. (Dkt. No. 20, at ¶¶ 38–66). Plaintiff seeks, inter alia, a declaration that "the state court foreclosure judgment is void," "[a]n injunction restoring title to the property and enjoining Defendants from enforcing the void judgment," and "[c]ompensatory damages for the loss of the property, emotional distress, and financial harm." (Dkt. No. 20, at 13). Presently before the Court are Defendants Sterling National Bank and Margolin's motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service, under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim, (Dkt. No. 21), and Plaintiff's motions for summary judgment under Rule 56, (Dkt. Nos. 26, 28). The motions are fully briefed. (Dkt. Nos. 25, 27, 29, 33). For the reasons that follow, Defendants' motion to dismiss is granted, the Amended Complaint is dismissed, and Plaintiff's motions for summary judgment are denied as moot.

## II. FACTS[1]

On or about July 24, 2017, Sterling National Bank initiated a foreclosure action against Plaintiff's property located at 333–335 City Hall Road, Kerhonkson, New York, ("the Property"). (Dkt. No. 20, ¶¶ 1, 16). "Sterling National Bank's claim to the mortgage and promissory note was based on its alleged acquisition of . . . Provident Bank," the bank that "loaned money to the mortgagor to substantiate an equitable claim of the subject property as collateral." (Dkt. No. 20, ¶¶ 17, 21). However, "according to an FDIC 'Bank Find' profile," the

[1] The facts are drawn from the Amended Complaint, the exhibits attached to the Amended Complaint, and the state court orders Defendants filed, of which the Court has taken judicial notice. *See Simeone v. T. Marzetti Co.*, No. 21-cv-9111, 2023 WL 2665444, at *1, 2023 U.S. Dist. LEXIS 53148, at *3 (S.D.N.Y. Mar. 28, 2023) ("Courts may take judicial notice of public documents or documents of public record" (quoting *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018))). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

entity Sterling National Bank acquired was "Provident *Municipal* Bank," not "Provident Bank." (*Id.* ¶ 17 (emphasis added)). Further, the "Provident Bank" promissory note that Sterling National Bank "presented" to the state court in support of its contention that it was the "holder in due course capable of enforcing the note" had no "indorsement" indicating a "new owner" of the note or "a blank indorsement."[2] (*Id.* ¶¶ 23, 28). Margolin, the law firm that represented Sterling National Bank, submitted an affidavit in the foreclosure action by Defendant Victoria Wolff, the "authorized signer of Sterling National Bank," who stated that she had "personal knowledge" of the "business records and chain of title for the subject property" and that Sterling National Bank, formerly known as Provident Bank, "was the holder of the original note and mortgage prior to the instant action being commenced." (*Id.* ¶¶ 11, 14; Dkt. No. 20, at 16–20). However, Defendant Wolff "works for an unrelated" mortgage company and was "never" employed by Sterling National Bank or Provident Bank. (Dkt. No. 20, ¶¶ 10, 20–21, 26).

Plaintiff claims that the above facts show that Defendants "obtained a judgment by perjury and Title fraud against the Mortgagor by using false and counterfeited mortgage instruments to mislead and manipulate the mechanics of the Court to procure said judgment," resulting in "fraud upon the Court, whereby such judgment is void." (*Id.* ¶ 22).

## III. DISCUSSION

### A. Motion to Dismiss – Rules 12(b)(2) and 12(b)(5)

Defendant Sterling National Bank moves to dismiss under Rule 12(b)(2) "and/or" Rule 12(b)(5) on the ground of insufficient service of process. (Dkt. No. 21-8, at 8–10). In its September 29, 2025 Memorandum-Decision and Order, the Court set out the legal standards

[2] "In New York, transfer of a promissory note is governed by the New York Uniform Commercial Code." *In re Idicula*, 484 B.R. 284, 288 n.5 (Bankr. S.D.N.Y. 2013). Section 3-204(2) provides that "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed." N.Y.U.C.C. Law § 3-204(2).

relevant to service of process and does not repeat those standards here. (*See* Dkt. No. 17, at 4–5). On September 8, 2025, Plaintiff filed an affidavit of service indicating that on August 28, 2025, the summons for Defendant Sterling National Bank was served on a paralegal at Margolin. (Dkt. No. 10). In its September Order, the Court found that Plaintiff's service on Sterling National Bank via its attorney was insufficient, but declined to dismiss as the time for service had not yet expired. (Dkt. No. 17, at 5). Defendant Sterling National Bank again seeks dismissal, asserting that to date, it has not been properly served. (Dkt. No. 21-8, at 10). Plaintiff responds that "Webster Bank, as successor, is liable for Sterling's obligations under settled corporate succession doctrine," and that he has "served the Defendants in good faith." (Dkt. No. 27-1, at 5). However, there is no indication in the record of sufficient service on Defendant Sterling National Bank or Webster Bank. Accordingly, dismissal of the claims against Defendant Sterling National Bank under Rule 12(b)(5) is warranted

**B. Motion to Dismiss – Rules 12(b)(1) and 12(b)(6)**

**1. Standard of Review**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). A motion to dismiss based on an abstention doctrine is considered a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *City of New York v. Milhelm Attea & Bros.*, Inc., 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008), as is a motion to dismiss under the *Rooker-Feldman* doctrine, *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all

reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face,'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

### 2. Analysis

#### a. *Rooker-Feldman*

Defendants argue that because Plaintiff's claims are premised on a "purportedly perjured affidavit making misrepresentations regarding Sterling National Bank's standing in the

foreclosure action," "Plaintiff is once again attempting to circumvent the *Rooker-Feldman* doctrine and utilize this in an improper attempt to vacate the Judgement of Foreclosure and Sale from the state court action." (Dkt. No. 21-8, at 12 (internal quotation marks and alteration omitted)). Plaintiff opposes dismissal arguing that the *Rooker-Feldman* doctrine is inapplicable where, as here, Plaintiff seeks "a separate and independent adjudication of fraud perpetrated by the Defendants upon the state court through extrinsic fraud and perjury." (Dkt. No. 25, at 4). Plaintiff argues that "[b]ecause the judgment was procured by fraud upon the court, it is void *ab initio*." (*Id.*).

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (explaining that the *Rooker-Feldman* doctrine bars federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). There are four "requirements" that must be satisfied before *Rooker-Feldman* applies: (1) the "federal-court plaintiff must have lost in state court," (2) the plaintiff "must complain of injuries caused by a state-court judgment," (3) the plaintiff "must invite district court review and rejection of that judgment," and (4) the state-court judgment "must have been rendered before the district court proceedings commenced." *Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)) (internal quotation marks and brackets omitted). The underlying principle of the *Rooker-Feldman* doctrine is that "within the federal

judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85.

Here, although Plaintiff does not appear to have been a named party in the earlier foreclosure proceeding, (*see*, *e.g.*, Dkt. No. 20, at 16), to the extent he asserts he lost an ownership interest in the Property through the "state in rem foreclosure proceeding against the property," he "has lost in state court" and is subject to the *Rooker-Feldman* doctrine. *Dorce v. City of New York*, 2 F.4th 82, 102 (2d Cir. 2021) (finding "[t]he mere fact that Plaintiffs were not named parties to the state action against the property does not abrogate the operation of *Rooker-Feldman*," explaining that "[s]omeone who loses an ownership interest in property through a state in rem foreclosure proceeding against the property has lost in state court"). Moreover, the state court judgment was dated June 26, 2023, (Dkt. No. 21-3), well before the filing of the Complaint in this case, (Dkt. No. 1 (filed Aug. 27, 2025)). Thus, the first and fourth requirements have been met. *See Vossbrinck*, 773 F.3d at 426 (finding "factors numbered (1) and (4) . . . clearly satisfied" where the plaintiff "lost in the state foreclosure action, and the foreclosure judgment was entered before [the plaintiff] filed his first federal complaint"). Accordingly, the Court must consider the second and third factors as to Plaintiffs' claims.

Construed liberally, the Amended Complaint alleges that Sterling National Bank obtained the judgment of foreclosure by falsely representing to the state court, via Wolff's affidavit and other documents, that it was the "holder in due course" of the promissory note at issue following its acquisition of "Provident Bank," the original owner of the note, when in fact, it had "acquired a different entity . . . 'Provident Municipal Bank.'" (Dkt. No. 20, ¶ 17; *see also id*. ¶ 48 ("The foreclosure action was brought by a stranger to the mortgage contract, constituting wrongful foreclosure under New York Common Law.")). As a result, Plaintiff claims, the judgment of

foreclosure is void and unenforceable and that he is entitled to a "declaratory judgment that the state court foreclosure judgment is void," and an "injunction restoring title to the property to Plaintiff and enjoining Defendants from enforcing the void foreclosure judgment," and "[c]ompensatory damages for the loss of the property, emotional distress, and financial harm." (Dkt. No. 20, at 13). Therefore, to the extent Plaintiff challenges the Judgment of Foreclosure and Sale, he alleges injuries caused by a state court judgment and invites this Court to review and reject the state court judgment. These claims are therefore barred by *Rooker-Feldman*. *See Gifford v. United N. Mortg. Bankers, Ltd.*, No. 18-cv-6324, 2019 WL 2912489, at *8, 2019 U.S. Dist. LEXIS 112796, at *22 (S.D.N.Y. July 8, 2019) (finding claims that the defendants "conspired to conceal fraudulently that MERS never owned plaintiff's note and mortgage by presenting the state court with forged documents during the foreclosure and holdover proceedings" amounted to another "attempt by plaintiff to argue that the plaintiffs in the foreclosure . . proceedings lacked standing because of alleged invalid assignments of her mortgage—an argument clearly barred by *Rooker-Feldman*"); *see also Vossbrinck*, 773 F.3d at 427 ("To the extent [Plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [Plaintiff]'s claim.").

**b. Federal Statutory Claims**

Although Plaintiff "may not seek to have a state court judgment voided," the Second Circuit "has concluded that *Rooker-Feldman* does not bar plaintiffs from seeking compensatory damages for misconduct 'that defendants pursued in obtaining' state court judgments." *Dorce*, 2 F. 4th at 104 (quoting *Sykes v. Mel S. Harris & Assocs., LLC*, 780 F.3d 70, 95 (2d Cir. 2015)).

But even assuming Plaintiff adequately alleges misconduct that falls outside *Rooker-Feldman's* bar, the Court finds Plaintiff fails to state a plausible claim for relief under federal law.[3]

It is well-settled that a plaintiff alleging a violation of constitutional rights under Section 1983 must show state action. *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012); *see also* 42 U.S.C. § 1983 (imposing liability on persons who act "under color of any [state] statute, ordinance, regulation, custom, or usage"). While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state [the "public function test"]." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). The "fundamental question" for each test is whether the private party's conduct is "fairly attributable" to the state such that it bears responsibility. *Fabrikant*, 691 F.3d at 207.

Here, Plaintiff alleges that the attorneys of the Defendant Margolin law firm, "acting as officers of the court," violated Plaintiff's "constitutional rights to property, due process, and fair proceedings," in connection with the foreclosure action, giving rise to "liability under Section 1983 for deprivation under color of law." (Dkt. No. 20, ¶ 61). However, there are no facts alleged in the Amended Complaint that suggest Margolin is anything other than a private law firm. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued

[3] Inexplicably, Defendants fail to address Plaintiff's newly raised § 1983 due process claim (or any claim on the merits). The Court nevertheless exercises its inherent authority to *sua sponte* dismiss a frivolous complaint. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding "that district courts may dismiss a frivolous complaint *sua sponte* even when the [pro se] plaintiff has paid the required filing fee").

licenses to practice law." *Pierre v. Ingber L. Firm , PLLC*, No. 16-cv-5974, 2017 WL 384322, at *2, 2017 U.S. Dist. LEXIS 10451, at *4 (E.D.N.Y. Jan. 25, 2017) (quoting *Manko v. Steinhardt*, No. 11-cv-5430, 2012 WL 213715, at *4, 2012 U.S. Dist. LEXIS 8244, at *11 (E.D.N.Y. Jan. 24, 2012); *see also Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of [Section] 1983."). Thus, a claim alleging that Margolin, a private law firm, violated Plaintiff's constitutional rights is frivolous and is, accordingly, dismissed. *See Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (finding "suit alleging that [private attorney] violated [the plaintiff's] rights under federal law" was "frivolous, and thus the District Court did not err in dismissing plaintiff's claims under § 1983").

**C. Remaining State Law Claims**

Having dismissed all federal claims, and there being no basis alleged in this case for diversity jurisdiction, the Court declines in its discretion to retain supplemental jurisdiction over Plaintiff's state law fraud claims that may not be barred by the *Rooker-Feldman* doctrine. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (stating that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, to the extent the Amended Complaint alleges state law fraud claims, they are dismissed without prejudice.

**D. Trustee**

As a final matter, the Court observes that it is unclear whether Plaintiff, whose domicile is at the Property, is pursuing this action on his own behalf, in his role as trustee, or both. (Dkt. No. 20, ¶ 7). In general, "a nonlawyer trustee cannot bring claims on behalf of a trust." *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank*, No. 24-cv-7633, 2024 WL 4769687, at *2,

2024 U.S. Dist. LEXIS 206826, at *4 (S.D.N.Y. Nov. 13, 2024); *but see Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-cv-01789, 2019 WL 3436542, at *3 n.6, 2019 Bankr. LEXIS 2365, at *7 (Bankr. S.D.N.Y. July 26, 2019) (allowing non-lawyer trustees to represent a trust where they "certified that they were the only trustees and beneficiaries of the [trust] and the [trust] had no creditors"). As Plaintiff, who does not claim to be an attorney, has provided no indication that he is the only trustee and beneficiary, any claims asserted on behalf of the trust are dismissed without prejudice as to the trust.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that all claims seeking review, rejection, or relief from the 2023 Judgment of Foreclosure and Sale are **DISMISSED without prejudice and without leave to replead**; and it is further

**ORDERED** that Plaintiff's due process claim under 42 U.S.C. § 1983 **is DISMISSED** for failure to state a plausible claim for relief; and it is further

**ORDERED** that to the extent Plaintiff's state law fraud upon the court, wrongful foreclosure, and void judgment claims are not barred by *Rooker-Feldman*, they are **DISMISSED without prejudice and without leave to replead**; and it is further

**ORDERED** that all claims on behalf of the Trust are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's motions for summary judgment (Dkt. Nos. 26, 28) are **DENIED as moot**; and it is further

**ORDERED** that the Clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that the Clerk is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 14, 2026
Syracuse, New York

Brenda K. Sannes
Brenda K. Sannes
Chief U.S. District Judge